﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200305-68197
DATE: April 30, 2021

ORDER

Entitlement to service connection for a back disability is denied.

Entitlement to service connection for major depressive disorder, secondary to a back disability, is denied.

Entitlement to a total disability rating based on individual unemployability (TDIU) is denied.

FINDINGS OF FACT

1. The preponderance of the evidence is against finding that a back disability began during active service, or is otherwise related to an in-service injury or disease.

2. The Veteran’s major depressive disorder is not secondary to service-connected disability, and is not otherwise related to an in-service injury or disease.

3. The Veteran does not have service-connected disability, upon which TDIU can be granted.

CONCLUSIONS OF LAW

1. The criteria for service connection for a back disability have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

2. The criteria for service connection for major depressive disorder due to service or service-connected low back disability have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.310.

3. The criteria for an award of TDIU have not been met. 38 C.F.R. § 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served honorably in the United States Army from January 1975 to November 1981.

The rating decision on appeal was issued in January 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the March 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Service Connection

In general, service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Service connection may also be granted for disability that is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310. Secondary service connection may be established by a showing that a nonservice-connected disability is caused or aggravated (chronically worsened) by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc).

1. Entitlement to service connection for a back disability is denied.

The Veteran applied for service connection for a back disability, including arthritis, in June 2019 and has contended that she suffered an injury while in service. See VA Application for Disability Compensation and Related Compensation Benefits.

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that, while the Veteran has a current diagnosis of degenerative disc disease and degenerative joint disease of the lumbar spine, and evidence shows that the Veteran complained of back pain while in service, the preponderance of the evidence weighs against finding that the Veteran’s diagnosis of degenerative disc disease and degenerative joint disease of the lumbar spine began during service or is otherwise related to an in-service injury, event, or disease.

The Veteran’s service treatment records show that the Veteran suffered an in-service injury. In May 1985, the Veteran suffered a muscle strain across the right lumbar spine and gluteal region and began to experience back pain. And in October 1981, the Veteran again sought treatment for pain in her lower back, which she had been experiencing for the prior two weeks.

The Veteran was examined in August 2019 in connection with her claim. The August 2019 VA examiner opined that the Veteran’s degenerative disc disease and degenerative joint disease of the lumbar spine is not at least as likely as not related to an in-service injury, event, or disease, including a low back strain incurred during service. The examiner reasoned that there was no continuity of symptomatology in close proximity to her release from active duty. She noted that the Veteran’s service medical records were silent for degenerative changes of the lumbar spine while in service. She also noted that the possibility of an intercurrent injury post service is unknown—the Board, in turn, notes that the Veteran received treatment following a motor vehicle accident in September 2017. The examiner stated that low back symptoms complained of more than thirty years post-discharge cannot reasonably be connected to active duty service when there are multiple other aging/occupational/daily activity factors in the intervening years. The examiner’s opinion is probative, because it is based on an accurate medical history and provides an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008).

Although the Veteran’s representative has argued that the Veteran’s history was not adequately taken, it is not clear how the history provided by the examiner differs from that provided by the Veteran. See March 2021 Appellate Brief.

To the extent the Veteran reports having experienced symptoms of back pain, she is not competent to provide a diagnosis in this case or determine that these symptoms were manifestations of degenerative disc disease and degenerative joint disease of the lumbar spine. The issue is medically complex, as it requires knowledge of interpretation of complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). 

Additionally, the first post service evidence (i.e., October 2011) suggesting that the Veteran may have had a back disability was approximately thirty years after she was discharged from service. See Buchanan v. Nicholson, 451 F.3d 1336 (Fed. Cir. 2006) (the lack of contemporaneous medical records is one fact the Board can consider and weigh against the other evidence, although the lack of such medical records does not, in and of itself, render the lay evidence not credible).

Based on the foregoing, the Board finds that the weight of the evidence is against the Veteran’s claim. As such, the benefit-of-the-doubt rule does not apply, and the claim is denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102(b); Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

2. Entitlement to service connection for major depressive disorder, secondary to a back disability, is denied.

Contingent upon a grant of service connection for her back disability, the Veteran contends that she incurred major depressive disorder, secondary to a back disability and medication. See March 2021 Appellate Brief. July 2019 Statement in Support of Claim.

In connection with her claim, the Veteran has submitted private treatment records. June 2010 records show that the Veteran complained of feeling depression and insomnia, due to stress at work and stress at home. January 2011 private treatment records show that the Veteran’s chief complaint was mild depression, secondary to stress at work and in her personal life.

The Veteran was examined in October 2019. The VA examiner determined that it was not at least as likely as not that the Veteran’s major depressive disorder was proximately due to or the result of a back injury or arthritis. The examiner noted that the Veteran had attributed her depression to the death of her mother and the murder of a grandnephew whom she had raised.

Based on the foregoing, the Board finds that the weight of the evidence is against the Veteran’s claim. As such, the benefit-of-the-doubt rule does not apply, and the claim is denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102(b); Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

TDIU

3. Entitlement to a total disability rating based on individual unemployability (TDIU) is denied.

Contingent upon the outcome of her service connection claims, the Veteran seeks a TDIU. She contends that service-connected disabilities render her unemployable. 

A TDIU may be assigned, where the schedular rating is less than total, where a veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. § 4.16(a). To qualify for schedular consideration of a TDIU, if there is only one such disability, this disability shall be ratable at 60 percent or more, and, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more and sufficient additional disability to bring the combined rating to 70 percent or more. Id.

Here, based on the foregoing, the Veteran has no service-connected disabilities upon which TDIU may be granted. Accordingly, a TDIU is not warranted. 38 C.F.R. § 4.16(a). 

 

B. G. LeMoine

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Hennessy, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.